KATHERINE HARMS, PLAINTIFF, v. EDMUND L. COYTE, DEFENDANT.

Decided April 13, 1932.

For the motion, *Quinn, Parsons & Doremus* (*John J. Quinn,* of counsel).

Opposed, *Cook & Stout* (*Mr. William J. O'Hagen,* of counsel).

LAWRENCE, S. C. C. This is a motion to strike that part of defendant's answer, including the first separate defense, covering the same matter, on the ground that it is frivolous. The relation of the parties was that of mortgagor and mortgagee. Plaintiff foreclosed the mortgage and at the sale of the premises involved a deficiency in the debt secured resulted. She gave notice, under the statute, of the proposed action on the bond acompanying the mortgage, both of which were admittedly executed by defendant, who, however, questions the sufficiency of the notice, thus presenting an issue of fact. The other defense sought to be set up in defendant's answer is that, at the time of the execution, plaintiff represented and agreed with him that in the event of the foreclosure of the mortgage, she would look to the premises for the full payment of the bond, and would, under no circumstances, look to him for any deficiency which might arise under the sale, pursuant to the decree. He, therefore, alleges that he executed the bond on the strength of such representation and agreement, which plaintiff, by affidavit on the present motion, denies, although not required, since it is apparent that the answer sets up in the feature stated no valid legal defense.

The mortgage contained no such agreement; if it had, there would have been no occasion for the bond. Evidence of a contemporaneous parol agreement of the character or nature suggested would not be admissible to alter or vary the terms of the latter plainly set down therein. *Parker, Receiver,* v. *Jameson,* 32 *N. J. Eq.* 222; *VanHorn* v. *VanHorn,* 49 *Id.* 327; *Childs* v. *South Jersey Amusement Co.,* 95 *Id.* 207, and *Naumberg* v. *Young,* 44 *N. J. L.* 331. The motion to strike that part of the answer to which reference is made and the first separate defense will be granted. The issue as to the legal sufficiency of the notice of intention to bring the suit as required by the statute will be reserved for determination at the trial of the cause.